Theodore F. OTTEN, Plaintiff,

v.

BALTIMORE & OHIO RAILROAD COM-PANY and The Staten Island Rapid Transit Railway Company, Defendants,

International Brotherhood of Electrical Workers, Intervenor-Defendant.

Civ. No. 12926.

United States District Court
E. D. New York.
July 8, 1955.

Leone Pecoraro, New York City, for plaintiff.

Robert Schwebel, New York City, for defendant, The Staten Island Rapid Transit Ry. Co., John C. Avery, New York City, of counsel.

Harold W. Harrison, Great Neck, N. Y., for defendant, International Brotherhood of Electrical Workers, Charles S. Corben, and Milton Kramer, Washington, D. C., of counsel.

BYERS, District Judge.

This plaintiff was formerly an employee of the Staten Island Rapid Transit Railway Company now the sole defendant, continuously from February 1, 1941 until March 1, 1953 when he was discharged because of his failure to join the International Brotherhood of Electrical Workers, the intervening defendant. That was the union with which his employer entered into a union shop agreement bearing date August 28, 1951.

The agreement was sanctioned by the applicable provisions of the Railway Labor Act as amended in 1951, see Title 45 U.S.C.A. § 152.

The plaintiff's cause is discussed in the opinion of the Court of Appeals for this Circuit, reported in 205 F.2d 58. There the court affirmed an order of Judge Abruzzo who had denied plaintiff's motion for a temporary injunction, and for the appointment of a three judge court, Tit. 28 U.S.C. § 2282, to pass upon plaintiff's suit for a final injunction based upon the alleged unconstitutionality of the said 1951 amendment.

Since the court was dealing with an order, the occasion was probably not technically appropriate for directing a judgment of dismissal, although the opinion seems to indicate that inevitable outcome of the litigation.

It was deemed this court's duty when the case was called for trial, to receive all testimony deemed to be relevant by the litigants, and to make findings to the end that the decree to be entered shall be in legal form for review.

That which was offered at the trial was little if any in extension of the facts as discussed in the opinion of the Court of Appeals. Thus nothing is seen to be presently required by way of discussion in making the following:

### Findings of Fact

1. The plaintiff Theodore F. Otten, being then "a third-rail maintainer" in the employ of the Staten Island Rapid Transit Railway Company, was discharged from his employment for the sole reason that he refused to join the International Brotherhood of Electrical Workers.

2. He had been continuously in the said employ from February 1, 1941, and his work record was excellent.

3. The said discharge was ordered by virtue of the provisions of a union shop agreement bearing date of August 28, 1951 between his employer and the intervening defendant, which was the duly qualified collective bargaining representative of the craft in which the plaintiff pursued his calling.

4. The said contract was entered into pursuant to the applicable provisions of the Railway Labor Act as amended in 1951.

5. The said discharge was ordered by the defendant pursuant to demand made by the intervening defendant for the reason that the plaintiff refused to become a member of that union.

6. The plaintiff's refusal to join the said union was a matter of conscience, based upon the teachings of the religious body of which he was a member, and not because of any hostility upon his part to labor unions in general, or the intervening defendant in particular.

7. The said discharge resulted in financial loss on the part of the plaintiff, namely, his loss of pay as a third-rail maintainer.

8. It is impossible for failure of proof, to state the loss in dollars so occasioned to the plaintiff.

The factual situation thus recapitulated is appealing in the equitable sense, for among those who believe that even the impressive contributions which labor unions have made to the general welfare of the nation, do not justify legislation depriving a man of his livelihood solely because of non-membership in a union, the writer of this opinion happens to be one.

Nonetheless, the Court of Appeals has spoken on the merits of this controversy, which settles the matter for this court.

It has not been overlooked that the legislation is held not to involve any question of constitutionality because in terms it merely permits contracts which prior to 1951 were forbidden by the section of the Railway Labor Act which was in part repealed in 1951.

Seemingly it is not deemed requisite to appraise the amendatory legislation according to its operation, rather than to the somewhat adroit method through which an obvious purpose was accomplished. If the statute had been cast in plain terms to read that any employee of an interstate railroad who refused to join a trade union could for that reason alone be discharged, perhaps the way would have been deemed to be open to challenge such a law as offending the Fifth Amendment and perhaps other provisions of the Constitution.

The plaintiff's brief interestingly discusses the subject, but without efficacy to persuade this court that it is free to announce its own conclusions in face of that which has already been written.

The defendant moved to dismiss on the ground that the Court of Appeals has ruled out the only possible federal question, which leaves nothing for this court to decide, since diversity is not present between the plaintiff and its former employer. Decision was reserved in the belief that something short of constitutionality may be present with regard to the construction of the Railway Labor Act which is clearly a federal statute. Further, because the Court of Appeals may have deliberately refrained from saying that the complaint should have been dismissed. Adhering to that view, the motion is denied.

Conclusion of Law

The complaint must be dismissed for failure on the part of the plaintiff to prove that he is entitled to the claim for relief which he has stated in his complaint, but without costs.

Settle decree.